**Alice Lee Giannetta (Pro Se Plaintiff)**
**77 W. 55th St., Apt. 12B**
**New York, NY 10019**
**Telephone: 917-576-6862**
**Email: Alicelee705@gmail.com**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MONTANA**
**GREAT FALLS DIVISON**

| | |
|---|---|
| **ALICE LEE GIANNETTA** Plaintiff | CAUSE NO. CV-21-105-GF-BMM-JTJ |
| v. | **COMPLAINT FOR LIBEL, SLANDER AND DEMAND FOR JURY TRIAL** |
| **TANA JOHNSON** Defendant | |

Plaintiff, Alice Lee Giannetta (appearing Pro Se) alleges against Defendant TANA JOHNSON, as follows:

## INTRODUCTION

1. Plaintiff, Alice Lee Giannetta is resident of New York.

2. Plaintiff was a former beauty queen, she won titles of Mrs. New York 2017, Mrs. Hong Kong 2018 and Mrs. World 2018.

3. As the winner of Mrs. World pageant, the Plaintiff became very involved in the Mrs. World, Inc.

4. Plaintiff also developed a personal relationship with David Marmel, the President of Mrs. World Inc., who is now deceased.

5. Plaintiff has also traveled to Sri Lanka many times and has personal relationships with businesses in Sri Lanka.

6. Defendant Tana Johnson is a resident of Montana.

7. On or before May 4, 2020, Defendant Tana Johnson authored a libelous press release to defame the Plaintiff.

8. Said libelous press release is attached as **Exhibit A.**

9. On or before May 4, 2020, Defendant Tana Johnson published the said libelous press release by email to many third parties, including Plaintiff's personal contacts, including the Plaintiff's business associate, Vogue Jewelers of Sri Lanka.

10. On or before May 4, 2020, Defendant Tana Johnson also published said libelous press release on a Facebook Group that has more than 50 pageant directors located all over the United States.

11. Majority of these pageant directors in this Facebook Group who read the said libelous press release knew the Plaintiff personally.

12. As the result of Defendant Tana Johnson's libelous press release, Plaintiff's business associate Vogue Jewelers in Sri Lanka wrote an email to the Plaintiff, attaching and citing to the Defendant's libelous press

release, and terminated his business dealings with the Plaintiff on or about May 7, 2020.

13. The Plaintiff has been irreparably harmed by the Defendant's unlawful and libelous defamatory statements.

14. By this action, Plaintiff seeks to hold the Defendant accountable for her malicious and reprehensible conduct.

**PARTIES**

15. Plaintiff is a licensed New York and New Jersey attorney who has won numerous beauty pageants including the Mrs. New York pageant in 2016 and the Mrs. World pageant in December 2017.

16. Tana Johnson is a resident of Montana.

**JURISDICTION AND VENUE**

17. The court has subject matter jurisdiction over Plaintiff's claim for defamation pursuant to 28 USC § 1332(a)(2) because the claim is between citizens of different states and the amount in controversy exceeds $75,000.00.

18. Plaintiff is a citizen of New York. Defendant Johnson is a citizen of Montana.

19. Venue is appropriate in this judicial district pursuant to 28 USC § 1391(b)(3) because the Defendant is subject to personal jurisdiction in this district.

20. This court has personal jurisdiction over Defendant Tana Johnson because she is a resident of Montana.

## FACTS

21. The Plaintiff is a former titleholder the of Mrs. New York America, Mrs. Hong Kong and Mrs. World pageants.

22. On December 23, 2019, Plaintiff Alice Lee Giannetta successfully secured an agreement ("December Agreement") with her business associate Vogue Jewelers of Sri Lanka to be the main sponsor of a Mrs. World 2021 Pageant for $75,000.00.

23. The Plaintiff singlehandedly procured,

facilitated, and negotiated this December Agreement for the Mrs. World 2021 pageant with Vogue Jewelers of Sri Lanka through her own efforts and time.

24. The Vogue Jewelers of Sri Lanka had no prior relationship with Defendant Johnson. They were solely personal contacts of the Plaintiff.

25. Defendant Tana Johnson was aware that the Plaintiff was successful and reached the December Agreement with Vogue Jewelers of Sri Lanka.

26. On or about February 27, 2020, the President of Mrs. World Inc., David Marmel, now deceased, sent a letter to Vogue Jewelers of Sri Lanka, authorizing the Plaintiff to accept all funds and make all executive decisions regarding the Mrs. World pageant.

27. On or about February 29, 2020 the Plaintiff flew to Colombo, Sri Lanka to attend the press conference to launch the Mrs. World 2021 pageant with Vogue Jewelers.

28. Defendant Johnson was aware of the Sri Lanka press

Conference.

29. On or about March 7, 2020 the decedent David Marmel authorized the Plaintiff to handle all matters pertaining to the Mrs. World 2021 pageant.

30. On or before May 4, 2020, Defendant Johnson authored, published, and emailed the said libelous press release to the Plaintiff's business associates in Sri Lanka, including but not limited to Vogue Jewelers of Sri Lanka. (See **Exhibit A**).

31. The Defendant did not stop there.

32. On or before May 4, 2020, out of malice intent and wrongdoing, Defendant Johnson published, circulated, and posted the defamatory press release (**Exhibit A**) on a Pageant Facebook group hosting more than 50 pageant directors and affiliates.

33. These 50 state pageant directors and affiliates were all well-acquainted with the Plaintiff.

34. Incorporated in the libelous press release,

Defendant Johnson specifically accuses the Plaintiff of being a **"liar and a thief"**, to create discord between the Plaintiff and Vogue Jewelers of Sri Lanka with purpose to disrupt the December Agreement that the Plaintiff entered into with them.

35. Defendant Johnson wrote: " I don't hesitate to add this final but appropriate action was taken as a result of the series of **blatant lies and other half truths** she [Plaintiff] stupidly communicated in writing to the Sri Lanka Organizing Committee and us - all of which became a matter of record." (See attached **Exhibit A**)

36. In this slanderous and libelous press release, the Defendant maliciously claim that the Plaintiff **misappropriated** the funds and revenues from Vogue Jewelers and Mrs. World Inc. and in fact called the Plaintiff a **"liar and a thief"**. (See **Exhibit A**).

37. Notwithstanding, the press release also attempts to interfere with the Plaintiff's future economic interest by directly addressing her creating of

her own pageant competition company, and urging others to not join the Plaintiff: "We have little interest in the reports of she creating her own competition. She will probably adopt a title similar to Mrs. World in order to cause confusion and unrest. **Don't be dragged into her now well known web of ugliness, The spots on the Leopard do not change"** (See **Exhibit A**).

38. Defendant' Press Release penultimate paragraph stated: **"If any of you paid monies to her [Plaintiff] for any purported Mrs. World related purpose - that's money stolen! We urge you demand it returned to you immediately. She [Plaintiff] had no authorization from Mrs. World to accept revenues for any reason. Failure for her [Plaintiff] to return said sums in our opinion elevates the matter to a criminal level. We would suggest you approach the US Consulate to report the issue for their advice. We regret all of this but it's done not by us!** (See **Exhibit A**).

39. Plaintiff has demanded from the Defendant

the immediate removal of the defamatory and slanderous press release as well as posting a retraction and apology.

40. The statements made by the Defendant in the defamatory and slanderous press release were **not privileged**, they were intended to be and are false and malicious and were made with reckless disregard to the truth. They were made with intentions to not only terminate the December Agreement the Plaintiff procured with the Vogue Jewelers, but to also prevent the Plaintiff from entering into any future contracts or any future business dealings in the pageant world business.

41. On average, there is approximately 40 Contestants who enter the pageant.

42. Therefore, in addition to the $75,000.00 Economic loss, the Plaintiff could have expected to receive between $66,000.00 and $100,000.00 entrance fee from the contestants.

**FIRST CAUSE OF ACTION**

**Libel**

**Montana Code Annotated § 27-1-802**

43. The Plaintiff restates and realleges the allegations set forth in Paragraphs 1- 42 and incorporates them by reference.

44. On or before May 4, 2020 the Defendant Tana Johnson published the defamatory press release on a Facebook group where there are more than 50 pageant directors and affiliates who know the Plaintiff.

45. On or before May 4, 2020, Defendant Johnson's libelous press release was also emailed to the Plaintiff's business associates, including but not limited to Vouge Jewelers in Sri Lanka.

46. In the press release, the Defendant make numerous statements which are bold faced lies.

47. Also in the press release, the Defendant claim the Plaintiff made "**blatant lies or half truths**" in writing to Vogue Jewelers.

48. This statement is false.

49. All statements made to Vogue Jewelers were true and with full authority and transparency of deceased President of Mrs. World, David Marmel.

**SECOND CAUSE OF ACTION**

**SLANDER**

**Montana Code Annotated § 27-1-803**

50. The Plaintiff restates and realleges the allegations set forth in Paragraphs 1- 49 and incorporates them by reference.

51. The most egregious part of the defamatory press release is the statement claiming that the Plaintiff committed crimes such as **"misappropriating funds"**, that the Plaintiff is a **"thief"**, that any monies paid to the Plaintiff from her business associates such as Vogue Jewelers was money **"stolen,"** and that the Plaintiff had **no authorization from Mrs. World to accept any revenues to for any reason and that this action rises to a criminal level."** **(See attached Exhibit A).**

52. These statements are also false.

53. As the result of Defendant Johnson's malicious slander, Plaintiff's business associate Vogue Jewelers canceled their December Agreement with the Plaintiff worth $75,000.

54. As the result of Defendant Johnson's slander, Vogue Jewelers also refused to have any future business dealings with the Plaintiff.

55. The Defendant slandered the Plaintiff knowing that the statements therein were all false.

56. Plaintiff is entitled to general damages for harm to her property, business, trade, profession, occupation, expenses, harm to her reputation, and shame, mortification, ostracization or hurt feelings caused by the defamatory statements in accordance with the proof at trial.

57. The Defendant acted with reckless, willful and callous disregard for Plaintiff's rights with malice, fraud or oppression, entitling the Plaintiff of an award

of punitive damages in accordance with the proof at trial.

58. Plaintiff has demanded that the Defendant retract the libelous and slanderous press release and issue a retraction and an apology.

59. This demand has not been complied with as of date.

60. As such, Plaintiff continues to suffer harm to her reputation, ostracization, humiliation due the Defendant's libel and slander.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for judgment against the Defendant for:

1. Compensatory damage in excess of Three Million Dollars; or as will be proven at trial;
2. Punitive Damages;
3. Prejudgment Interest;
4. Attorneys Fees

5. Cost of suit;

6. Injunctive relief ordering Defendant to retract the slanderous and libelous press release and issue a retraction and apology;

7. Other relief as the Court deems just and proper

October 13, 2021

Respectfully submitted,

Alice Lee Giannetta,
Pro Se Plaintiff

917-576-6862