# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| ALICE LEE GIANNETTA,<br><br>                Plaintiff,<br><br>vs.<br><br>TANA JOHNSON,<br><br>                Defendant. | **CV-21-105-GF-BMM**<br><br>**ORDER** |

## INTRODUCTION

Defendant Tana Johnson ("Johnson") has filed a Motion to Dismiss or Stay. (Doc. 6). Plaintiff Alice Lee Giannetta ("Giannetta") opposes the Motion. (Doc. 10).

Johnson seeks dismissal for failure to state a claim on res judicata grounds arising from the dismissal of a case before the United States District Court for the Central District of California ("the CDCA Action"). (Doc. 6); *see* Fed. R. Civ. P. 12(b)(6). Johnson alternatively asks for a stay of this case until the final determination of Giannetta's pending appeal from the dismissal of the CDCA Action. (Doc. 6-1 at 2).

## FACTUAL AND LEGAL BACKGROUND

Giannetta appears *pro se* before the Court. Giannetta is a licensed attorney in the states of New York and New Jersey. (Doc. 6-3 at 3). Giannetta previously held the title of Mrs. World 2018, a title bestowed by the organization Mrs. World, Inc. ("MWI"). (Doc. 1 at 2). Giannetta remained active in MWI after her time as Mrs. World, developing a personal relationship with MWI's President David Marmel ("Marmel"). *Id.* Giannetta alleges that Marmel authorized her to aid in planning the Mrs. World 2021 pageant in Sri Lanka. (Doc. 1 at 29). Giannetta secured her business associate, Vogue Jewelers of Sri Lanka, as a pageant sponsor for $75,000. (Doc. 1 at 5).

Johnson serves as MWI's Vice President. (Doc. 6-1 at 3). Johnson sent a press release she had authored on behalf of MWI, on May 4, 2020, to Giannetta's Sri Lankan business contacts informing them that Giannetta was a "liar and a thief" and that she "had no authorization from Mrs. World" to accept money on their behalf. (Doc. 1 at 3); *see also* (Doc. 1-1).  Johnson posted this same press release the next day on a private Facebook group containing approximately 50 pageant directors. (Doc. 1 at 3). Giannetta asserts that Vogue Jewelers of Sri Lanka, with whom she had a preexisting business relationship, terminated all business dealings with her shortly thereafter, citing the press release. (Doc. 1 at 3–4).

Giannetta brought suit for libel and interference with prospective economic advantage against Johnson, Marmel, and MWI on July 16, 2020, in the CDCA Action. (Doc. 6-1 at 2); *see Giannetta v. Marmel et al*, 5:20-cv-01410-RGK. The California District Court dismissed Johnson from the case on October 6, 2020, for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2). (Doc. 10 at 9). A subsequent case against Johnson in the Southern District of New York was also dismissed on those same grounds. *Id.* at 4.

The CDCA Action proceeded against MWI and the Estate of David Marmel, who passed away on September 1, 2020. (Doc. 6-1 at 4). The district court dismissed the CDCA Action on August 20, 2021, for failure to prosecute, in violation of Rule 16, after Giannetta failed to appear at a final pretrial conference and failed to file pretrial documents. *Id.* Giannetta explains this failure by stating that she did not attend the final pretrial conference because she was awaiting the execution of settlement documents following a mediation with the Defendants in June 2021. (Doc. 10 at 5).

The district court denied Giannetta's Rule 60(b) motion to set aside the dismissal. (Doc. 6-1 at 4). Giannetta appealed to the Ninth Circuit on October 13, 2021, and that appeal is currently pending. *Id.*; *see Giannetta v. Marmel et al*, No. 21-56142. Giannetta submitted her opening brief on January 26, 2022. Brief of

Petitioner-Appellant, *Giannetta v. Marmel et al*, No. 21-56142 (9th Cir. January 26, 2022).

Giannetta filed her Complaint against Johnson before this Court on October 15, 2021, alleging similar claims and identical facts to those at issue in the CDCA Action. (Doc. 1). Johnson now moves to dismiss on the basis of res judicata or, alternatively, to stay the immediate action until the CDCA Action appeal has been resolved. (Doc. 6).

## LEGAL STANDARD

Res judicata prohibits a second lawsuit on any claims that were raised or could have been raised in a prior action. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001). Res judicata applies when there is (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties. *Id.*

## DISCUSSION

Johnson asserts that the dismissal of the CDCA Action precludes Giannetta's claims against her in this Court. (Doc. 6). Johnson asserts that an identity of claims exists between the present case and the CDCA Action. Both arose out of the same press release written and distributed by Johnson on behalf of MWI. (Doc. 6-1 at 5). Johnson next argues that the dismissal entered against Giannetta for failure to prosecute pursuant to Rule 41(b) in the CDCA action

constitutes a final judgment on the merits. *See Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 777 (6th Cir. 2009). Johnson finally argues that the judgment entered against MWI in the CDCA Action operates against her as MWI's agent. (Doc. 12 at 3 (*citing Spector v. El Ranco, Inc.*, 263 F.2d 143).

Giannetta argues that res judicata does not apply because Johnson was dismissed from the CDCA Action early on for lack of personal jurisdiction. (Doc. 10 at 6). "Without conceding that dismissal for failure to appear for a pretrial conference is a dismissal on the merits," Giannetta argues that the dismissal did not operate against Johnson because she was not a party. (Doc. 10 at 6).

It appears at the outset that an identity of claims exists between the CDCA Action and the instant case. Giannetta argues that identity of claims cannot exist because Johnson was dismissed from the CDCA Action. (Doc. 10 at 6). Giannetta's argument presents a fundamental misunderstanding of the concept of identity of claims. "The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000)). This case arises out of the same nucleus of fact as the CDCA Action, as evidenced by the virtually identical fact sections presented in both Complaints. *Compare* (Doc. 1 at 3–4), *with* (Doc. 6-3 at 7).

Identity of claims between two cases does not mean that a dismissal for failure to prosecute against Marmel and MWI would operate against Johnson, a defendant previously dismissed from the CDCA Action on separate grounds. A dismissal for failure to prosecute may be considered a "final adjudication on the merits," but given the circumstances of this particular case, the Court would benefit from the Ninth Circuit's review of the CDCA Action dismissal. The case should be stayed until the Court receives further guidance from the Ninth Circuit regarding the CDCA Action appeal.

## ORDER

Accordingly, **IT IS ORDERED** that:

1. Defendant Tana Johnson's Motion to Stay or Dismiss (Doc. 6) is **GRANTED IN PART** and **DENIED IN PART.**

2. This matter shall be **STAYED** in its entirety pending the resolution of the appeal before the Ninth Circuit Court of Appeals.

3. The Clerk shall vacate all deadlines.

Dated this 2nd day of March, 2022.

Brian Morris, Chief District Judge
United States District Court